Citation Nr: 1237367 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 07-14 196 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina



THE ISSUE

Entitlement to a disability rating in excess of 30 percent for left knee disability. 



ATTORNEY FOR THE BOARD

Helena M. Walker, Counsel

INTRODUCTION

The Veteran served on active duty from September 1973 to September 1976 and from August 1977 to July 1995. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of an October 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 


REMAND

The Board finds that further evidentiary development is necessary prior to a decision on the Veteran's claim for an increased rating for his left knee disability.

In the December 2011 remand, the Board requested, inter alia, that the Veteran be afforded a new VA examination and that the examiner specifically discuss any additional range of motion loss in the left knee due to repeated use, flare-ups, pain, incoordination, weakened movement, and excess fatigability. If the examiner was unable to determine additional range of motion loss (in terms of degrees), she/he was asked to so state and explain as to why it was not feasible. 

During the January 2012 VA examination, the Veteran reported additional range of motion loss during flare-ups, due to increased pain, incoordination, weakened movement, and excessive fatigability on use. The examiner noted that the Veteran was unable to estimate any additional range of motion loss due to these factors, and in regards to flare-ups, the Veteran indicated that he has "quite a bit" of range of motion loss. The examiner did not provide his own opinion of any additional range of motion loss in the Veteran's left knee due to these factors, nor did he provide an explanation as to why he could not provide this opinion. 

The Court has held that compliance with a remand is not discretionary and failure to comply with the terms of a remand necessitates another remand for corrective action. Stegall v. West, 11 Vet. App. 268 (1998). In light of the foregoing, the Board finds that another remand is necessary so that the development ordered in the Board's December 2011 remand may be accomplished.

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions: 

1. The RO or the AMC should undertake appropriate development to obtain any pertinent, outstanding treatment records. 

2. Thereafter, the Veteran should be afforded a VA examination to determine the current severity of his service-connected left knee disability. 

The claims files and any pertinent evidence in Virtual VA that is not contained in the claims files must be made available to and reviewed by the examiner. All indicated studies, including range of motion studies in degrees, should be performed. 

In reporting the results of range of motion testing, the examiner should identify any objective evidence of pain and the specific excursion(s) of motion, if any, accompanied by pain. To the extent possible, the examiner should assess the degree of severity of any pain. 

The examiner should provide an opinion concerning the degree of severity of any instability or subluxation of the knee. The examiner should also determine if the knee locks and if so, the frequency of the locking. 

Tests of joint motion against varying resistance should be performed. The extent of any pain, incoordination, weakened movement, and excess fatigability on use should be described. To the extent possible, the additional functional impairment due to pain, incoordination, weakened movement, and excess fatigability should be assessed in terms of the degree of additional range of motion loss. If this is not feasible, the examiner should so state and provide an explanation as to why it is not feasible. 

The examiner should also express an opinion concerning whether there would be additional functional limitations on repeated use or during flare-ups (if the Veteran describes flare-ups). To the extent possible, the additional functional limitation on repeated use or during flare-ups should be assessed in terms of the degree of additional range of motion loss. If this is not feasible, the examiner should so state and provide an explanation as to why it is not feasible. 

The examiner should also provide an opinion concerning the impact of the Veteran's service-connected left knee disability on his ability to work. 

The supporting rationale for all opinions expressed must be provided. 

3. The Veteran must be given adequate notice of the date and place of any requested examination. A copy of all notifications, including the address where the notice was sent, must be associated with the claims files if the Veteran fails to report for the examination. The Veteran is to be advised that failure to report for a scheduled VA examination without good cause may have adverse effects on his claim. 

4. The RO or the AMC should also undertake any other development it determines to be warranted. 

5. The RO or the AMC should then re-adjudicate the claim. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the RO or the AMC should issue an appropriate supplemental statement of the case and afford the Veteran and his representative the requisite opportunity to respond. The case should then be returned to the Board, if in order, for further appellate action. 

By this remand, the Board intimates no opinion as to any final outcome warranted.

No action is required of the Veteran until he is otherwise notified but he has the right to submit additional evidence and argument on the matter the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This case must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).